**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKE SARGEANT; RYAN FUNKE,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>DON BELL, in his individual and official capacities; LAKE COUNTY SHERIFF'S DEPARTMENT; LAKE COUNTY; DOES, John, 1-5, in their individual and official capacities,<br><br>        Defendants-Appellees. | No.   17-35531<br><br>D.C. No. 9:15-cv-00116-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief Judge, Presiding

Submitted July 10, 2018[**]
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and MARQUEZ,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Rosemary Marquez, United States District Judge for the District of Arizona, sitting by designation.

In this action asserting claims under the Montana Constitution and 42 U.S.C. § 1983, Mike Sargeant and Ryan Funke appeal from the grant of summary judgment to Lake County, Montana; the Lake County Sheriff's Department; and Lake County Sheriff Don Bell. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Recounting both documentary evidence and the statements of over a dozen named, credible witnesses, the warrant application contained ample, particularized allegations raising a "fair probability" that unlawfully possessed animal parts would be found in Sargeant and Funke's homes in violation of Montana Code Annotated § 87-6-202. *United States v. Grubbs*, 547 U.S. 90, 95 (2006) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)); *see also Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009).

2. The warrant was also sufficiently particularized. By directing officers to seize only those wildlife mounts that could reasonably be believed to be those that the Farrars identified in their witness statements, the warrant both (1) provided an "objective standard[] by which executing officers [could] differentiate items subject to seizure from those which [were] not" and (2) cabined the universe of mounts subject to seizure to those for which probable cause existed—i.e., those which the Farrars had identified as having likely been taken unlawfully. *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986). Because the warrant

2

"provide[d] . . . guidelines to distinguish items used lawfully from those the government had probable cause to seize," *id.* at 964, the warrant was sufficiently particular under both the Fourth Amendment and the Montana Constitution, *see State v. Cotterell*, 198 P.3d 254, 267 (Mont. 2008).

**AFFIRMED.**